Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSELITO CRUZ CAMPOS<br><br>Recurrente<br><br>v.<br><br>INSTITUCIÓN CORRECCIONAL BAYAMÓN 501, DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400370 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Respuesta de Reconsideración número: B-227-24<br><br>Sobre: Solicitud Documentos Médicos |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Joselito Cruz Campos, mediante un recurso de revisión judicial, y solicita que revisemos una *Respuesta al Miembro de la Población Correccional* emitida por la parte recurrida, la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, el 26 de febrero de 2024, notificada el 5 de marzo del mismo año. Mediante dicho dictamen, la agencia le informó al recurrente que los resultados de sus laboratorios y del sonograma estaban disponibles a través de su expediente médico electrónico y que, en su próxima cita de medicina interna, podía dialogar sobre estos con el facultativo médico a cargo de la clínica.

Posteriormente, la parte recurrida presentó ante nos una solicitud de desestimación.

Número Identificador

SEN2024 _____

Por los fundamentos que expondremos a continuación, se declara Ha Lugar la referida solicitud y, en su consecuencia, se desestima el presente recurso por falta de jurisdicción. Veamos.

**I**

El 29 de enero de 2024, recibida el 8 de febrero del mismo año, Joselito Cruz Campos (Cruz Campos o recurrente) instó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido).[1] En síntesis, Cruz Campos solicitó que se le entregaran los resultados de los laboratorios que le realizaron el 5 de diciembre de 2023, así como los resultados de un sonograma de hígado, realizado el 11 de enero de 2024. Además, solicitó que, a la mayor brevedad posible, se le administrara un tratamiento antiviral para tratar su Hepatitis C.

Evaluado el petitorio, el 26 de febrero de 2024, notificada el 5 de marzo del mismo año, la División de Remedios Administrativos del DCR emitió la *Respuesta al Miembro de la Población Correccional* que nos ocupa.[2] En la misma, la agencia le informó a Cruz Campos que los resultados de sus laboratorios y del sonograma estaban disponibles a través de su expediente médico electrónico y que, en su próxima cita de medicina interna, podía dialogar sobre estos con el facultativo médico a cargo de la clínica.

En desacuerdo, el 5 de marzo de 2024, Cruz Campos solicitó la reconsideración de la mencionada determinación,[3] la cual fue acogida por el organismo administrativo el 18 del mismo mes y año.[4] En esencia, Cruz Campos afirmó que, el 1 de marzo de 2024, tuvo una cita con una infectóloga, quien revisó sus resultados y confirmó la infección de Hepatitis C. Indicó que dicha galena le prescribió un

---

[1] Expediente administrativo, págs. 3-5.
[2] Íd., págs. 6-8.
[3] Íd., págs. 9-11.
[4] Íd., págs. 12-13.

tratamiento para ello, pero que este dependía de la aprobación de la compañía *Physician Correctional*. A su vez, señaló que, si bien en su solicitud de remedio peticionó un tratamiento para la referida enfermedad, nada se resolvió sobre ello, razón por la cual solicitaba medicamentos para tratar la mencionada enfermedad.

Atendida la solicitud, el 1 de mayo de 2024, notificada el 21 del mismo mes y año, la División de Remedios Administrativos del DCR emitió una *Resolución*, mediante la cual modificó la *Respuesta al Miembro de la Población Correccional* recurrida.[5] Sobre el tratamiento médico solicitado, la agencia expresó que este debía ser recetado por los galenos, por lo que le recomendó a Cruz Campos llevar sus inquietudes al internista para la evaluación correspondiente.

Inconforme, el 28 de junio de 2024, recibida en la Secretaría de este Foro el 9 de julio del mismo año, la parte recurrente acudió ante nos mediante el recurso de epígrafe. En síntesis, Cruz Campos solicitó que el DCR le brindara el tratamiento médico correspondiente para atender su Hepatitis C.

En cumplimiento con nuestra *Resolución* del 16 de julio de 2024, y luego de una prórroga a esos efectos, en lo pertinente, la parte recurrida instó una solicitud de desestimación el 30 de agosto de 2024. Argumentó que Cruz Campos acudió a este Tribunal Apelativo expirado el término jurisdiccional de treinta (30) días que tenía para hacerlo. Especificó que Cruz Campos recibió la determinación sobre su solicitud de reconsideración el 21 de mayo de 2024, mientras que su recurso de revisión judicial ante esta Curia fue suscrito el 28 de junio del mismo año y recibido en la Secretaría de este Foro el 9 de julio del año corriente. En vista de ello, solicitó la desestimación del presente recurso.

---

[5] Expediente administrativo, págs. 14-16.

Con el beneficio de la copia certificada del expediente administrativo, así como de los documentos que obran en autos, y la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.,* 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG,* supra; *Pueblo v. Torres Medina,* 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla

donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado tardíamente, un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 57, establece que el plazo para presentar el recurso de revisión será dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. De otro lado, el mismo Reglamento, en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

**B**

Sabido es que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo concerniente a la revisión judicial de las órdenes o resoluciones finales de los organismos administrativos. El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR 897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023).

Según la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. Dicho término comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. *Íd.*

En lo pertinente al caso de autos, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, provee para que se pueda solicitar la reconsideración de la determinación ante la agencia administrativa. En particular, dicho articulado establece lo siguiente:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Sobre ese particular, recientemente nuestro Tribunal Supremo expresó en *ACT v. Prosol et als.*, supra, pág. 917, que las agencias administrativas no están facultadas para, mediante determinación administrativa, variar unilateralmente el término jurisdiccional de veinte (20) días con el que cuenta una parte adversamente afectada para radicar una moción de reconsideración ante la propia agencia. Ello, con excepción de que tal determinación esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien posee la facultad de ordenar la concesión de un día de fiesta a todos los empleados, empleadas y agencias de la Rama Ejecutiva. *ACT v. Prosol et als.*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

De conformidad con los hechos del caso de epígrafe, el recurrente acudió ante esta Curia tardíamente. Según el expediente ante nos, así como la copia certificada del expediente administrativo, la agencia recurrida notificó la determinación sobre la solicitud de reconsideración promovida por el recurrente el 21 de mayo de 2024. Posteriormente, inconforme con dicha determinación, la parte recurrente instó un recurso de revisión judicial ante este Foro apelativo el 28 de junio de 2024, recibido en la Secretaría de este Tribunal el 9 de julio del mismo año.

Al calcularse los días, según las alegaciones y documentación ante nuestro haber, la parte recurrente tenía hasta el jueves, **20 de junio de 2024**, para presentar el recurso de revisión judicial que hoy nos ocupa. No obstante, el recurrente acudió ante este Tribunal el **28 de junio de 2024**, por lo que resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

En virtud de lo anterior, habiendo acudido ante este Foro tardíamente, no podemos sino declarar nuestra falta de jurisdicción sobre el recurso de autos y, a su vez, declarar Ha Lugar la moción de desestimación promovida por la parte recurrida.

**IV**

Por los fundamentos que anteceden, declaramos Ha Lugar la solicitud de desestimación presentada por la parte recurrida y, en su consecuencia, desestimamos el presente recurso por falta de jurisdicción.

Notifíquese a las partes. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones